UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **JOY BRUENN** | ) | **Case Number** '11 CIV |
| **Plaintiff** | ) | |
| **v.** | ) | **CIVIL COMPLAINT** |
| **CAPITAL ACCOUNTS, LLC** | ) | |
| **Defendant** | ) | **JURY TRIAL DEMANDED** |

JUDGE BRICCETTI

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Joy Bruenn, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Joy Bruenn, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this district and the Defendant transacts business in this district.

## III. PARTIES

4. Plaintiff, Joy Bruenn is an adult natural person residing in Rye, New York 10580. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Accounts, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting consumer debt within the States of New York and Tennessee with a primary location at 2120 Crestmore Road, Nashville, Tennessee 37215.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about May 27, 2011, Plaintiff received a call on her cell phone from Defendant's agent, "Melanie Patterson", to collect the alleged debt of $300.00 owed to Jonathan Nelson, a medical doctor. The bill was paid in full to the doctor's office.

8. Defendant's agent, "Melanie Patterson", told the Plaintiff she had been reported to the three credit bureaus and Plaintiff's credit would be ruined for seven years.

9. Plaintiff informed the Defendant's agent, "Melanie Patterson", she was calling Plaintiff's cell phone that was Plaintiff's business phone and to call Plaintiff's home phone in the future.

10. Plaintiff asked the Defendant's agent, "Melanie Patterson", to send proof of the debt.

11. The Defendant's agent, "Melanie Patterson", told Plaintiff she had already been sent three copies via e-mail and the Defendant's agent, "Melanie Patterson", would not send anymore.

12. Plaintiff informed Defendant's agent, "Melanie Patterson", that Plaintiff was disputing the debt.

13. Plaintiff told the Defendant's agent that she had not received anything in the mail.

14. The Defendant's agent told Plaintiff by law they did not have to resend anything.

15. The Plaintiff continued to receive calls to her work cell phone from the Defendant's agents despite being asked multiple times to not call that number.

16. Defendants agents continued informing the Plaintiff her credit would be ruined for seven years.

17. On one call from the Defendants agent, Plaintiff asked to speak with a manager.

18. Plaintiff was transferred to Defendants agent's supervisor "Adam Hall".

19. Plaintiff expressed to Defendants agent, "Adam Hall", concerns about Plaintiff's rights being violated.

20. Plaintiff told Defendants agent, "Adam Hall", the debt had never been validated by the Defendant despite the Plaintiff asking numerous times.

21. Defendants agent, "Adam Hall", told Plaintiff the Defendant had sent numerous bills to the Plaintiff's e-mail but none were sent by regular mail.

22. Plaintiff informed "Adam Hall", Plaintiff had received nothing from the Defendant in the Plaintiff's e-mail.

23. Defendants agent, "Adam Hall", asked to verify Plaintiff's email address and told Plaintiff the Defendant had the incorrect e-mail address.

24. Plaintiff told "Adam Hall", about Defendant's agent "Melanie Patterson" continuing to call Plaintiff's work cell phone after being asked not to.

25. Defendants agent, "Adam Hall", told the Plaintiff she was being misinformed of her legal rights as a consumer.

26. Defendants agent, "Adam Hall", stated it was perfectly legal to discredit the Plaintiff with the Credit Bureaus of the Defendant's choice.

27. Plaintiff did not want her credit ruined because she was co-signing student loans for her daughter.

28. Defendants agent, "Adam Hall", told Plaintiff the only way for Plaintiff's credit to not be ruined was to pay the debt.

29. Plaintiff agreed to pay the Defendant the alleged debt even though Plaintiff was disputing debt.

30. The Defendant's agent told the Plaintiff the payment had to be made on a debit card.

31. Plaintiff informed the Defendant's agent that the Plaintiff did not have a debit card

32. The Plaintiff told the Defendant's agent the Plaintiff would allow the Defendant's agent to withdraw the money from Plaintiff's bank account.

33. Plaintiff asked if the Defendant's agent could fax or e-mail the Plaintiff a receipt since the Plaintiff had never received any of the Defendant's previous mailings.

34. The Defendant's agent agreed to e-mail a receipt to the Plaintiff and withdrew $316.00 from the Plaintiff's checking account.

35. Plaintiff has never received any proof of payment or notice of closure of account from the Defendant.

36. The Defendant reported the alleged debt on the Plaintiff's Credit Report despite the Plaintiff disputing the debt.

37. The only email received from the Defendant was dated August 18, 2011 which stated that there were interest, late and "other" charges being sought by the Defendant the balance on the account increased from day to day.

38. The Plaintiff never entered into a written contract with the Doctor and at no time did she agree to pay interest, late or "other" charges.

39. Plaintiff agreed to pay the Doctor $300.00 and was required to do so in cash.

40. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

**COUNT I – FDCPA**

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| § 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(5): | Caused any charges to be made to the consumer |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial contact |
| § 1692g(a)(4): | Must state Right to Have Verification/Judgment Mailed to Consumer |
| § 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Accounts, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT II**
**Violations of New York General Business Law §349**

44. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

45. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

46. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JOY BRUENN** | ) | '11 CIV 7748 **Case Number** |
| **Plaintiff** | ) | |
| **v.** | ) | **CIVIL COMPLAINT** |
| **CAPITAL ACCOUNTS, LLC** | ) | |
| **Defendant** | ) | **JURY TRIAL DEMANDED** |

JUDGE BRICCETTI

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Joy Bruenn, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Joy Bruenn, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this district and the Defendant transacts business in this district.

## III. PARTIES

4. Plaintiff, Joy Bruenn is an adult natural person residing in Rye, New York 10580. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Accounts, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting consumer debt within the States of New York and Tennessee with a primary location at 2120 Crestmore Road, Nashville, Tennessee 37215.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about May 27, 2011, Plaintiff received a call on her cell phone from Defendant's agent, "Melanie Patterson", to collect the alleged debt of $300.00 owed to Jonathan Nelson, a medical doctor. The bill was paid in full to the doctor's office.

8. Defendant's agent, "Melanie Patterson", told the Plaintiff she had been reported to the three credit bureaus and Plaintiff's credit would be ruined for seven years.

9. Plaintiff informed the Defendant's agent, "Melanie Patterson", she was calling Plaintiff's cell phone that was Plaintiff's business phone and to call Plaintiff's home phone in the future.

10. Plaintiff asked the Defendant's agent, "Melanie Patterson", to send proof of the debt.

11. The Defendant's agent, "Melanie Patterson", told Plaintiff she had already been sent three copies via e-mail and the Defendant's agent, "Melanie Patterson", would not send anymore.

12. Plaintiff informed Defendant's agent, "Melanie Patterson", that Plaintiff was disputing the debt.

13. Plaintiff told the Defendant's agent that she had not received anything in the mail.

14. The Defendant's agent told Plaintiff by law they did not have to resend anything.

15. The Plaintiff continued to receive calls to her work cell phone from the Defendant's agents despite being asked multiple times to not call that number.

16. Defendants agents continued informing the Plaintiff her credit would be ruined for seven years.

17. On one call from the Defendants agent, Plaintiff asked to speak with a manager.

18. Plaintiff was transferred to Defendants agent's supervisor "Adam Hall".

19. Plaintiff expressed to Defendants agent, "Adam Hall", concerns about Plaintiff's rights being violated.

20. Plaintiff told Defendants agent, "Adam Hall", the debt had never been validated by the Defendant despite the Plaintiff asking numerous times.

21. Defendants agent, "Adam Hall", told Plaintiff the Defendant had sent numerous bills to the Plaintiff's e-mail but none were sent by regular mail.

22. Plaintiff informed "Adam Hall", Plaintiff had received nothing from the Defendant in the Plaintiff's e-mail.

23. Defendants agent, "Adam Hall", asked to verify Plaintiff's email address and told Plaintiff the Defendant had the incorrect e-mail address.

24. Plaintiff told "Adam Hall", about Defendant's agent "Melanie Patterson" continuing to call Plaintiff's work cell phone after being asked not to.

25. Defendants agent, "Adam Hall", told the Plaintiff she was being misinformed of her legal rights as a consumer.

26. Defendants agent, "Adam Hall", stated it was perfectly legal to discredit the Plaintiff with the Credit Bureaus of the Defendant's choice.

27. Plaintiff did not want her credit ruined because she was co-signing student loans for her daughter.

28. Defendants agent, "Adam Hall", told Plaintiff the only way for Plaintiff's credit to not be ruined was to pay the debt.

29. Plaintiff agreed to pay the Defendant the alleged debt even though Plaintiff was disputing debt.

30. The Defendant's agent told the Plaintiff the payment had to be made on a debit card.

31. Plaintiff informed the Defendant's agent that the Plaintiff did not have a debit card

32. The Plaintiff told the Defendant's agent the Plaintiff would allow the Defendant's agent to withdraw the money from Plaintiff's bank account.

33. Plaintiff asked if the Defendant's agent could fax or e-mail the Plaintiff a receipt since the Plaintiff had never received any of the Defendant's previous mailings.

34. The Defendant's agent agreed to e-mail a receipt to the Plaintiff and withdrew $316.00 from the Plaintiff's checking account.

35. Plaintiff has never received any proof of payment or notice of closure of account from the Defendant.

36. The Defendant reported the alleged debt on the Plaintiff's Credit Report despite the Plaintiff disputing the debt.

37. The only email received from the Defendant was dated August 18, 2011 which stated that there were interest, late and "other" charges being sought by the Defendant the balance on the account increased from day to day.

38. The Plaintiff never entered into a written contract with the Doctor and at no time did she agree to pay interest, late or "other" charges.

39. Plaintiff agreed to pay the Doctor $300.00 and was required to do so in cash.

40. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

**COUNT I – FDCPA**

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| § 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(5): | Caused any charges to be made to the consumer |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial contact |
| § 1692g(a)(4): | Must state Right to Have Verification/Judgment Mailed to Consumer |
| § 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Accounts, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT II**
**Violations of New York General Business Law §349**

44. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

45. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

46. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

47. As a direct and proximate result of Defendant's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Capital Accounts, LLC and Order the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT III**
**Violations of New York General Business Law §601**

48. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

49. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

50. GBL §601 provides in relevant part as follows:

(a) Communicate with the debtor or any member of her family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor;

(b) Threaten to take action which the creditor in the usual course of business does not in fact take or;

(c) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist; or

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Capital Accounts, LLC, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**V. JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: October 28, 2011**

**BY:**_______________
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA 19046
215-745-9800 Fax 215-745-7880
Attorney for Plaintiff